**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-3216
_____

IN RE:  KAI D. INGRAM,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:22-cv-00042)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 2, 2023

Before: JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed February 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

    Kai Ingram petitions pro se for a writ of mandamus in connection with his civil

rights action that is pending before the United States District Court for the Western

District of Pennsylvania.  For the reasons that follow, we will dismiss the petition in part

and deny it in part.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

In early 2022, Ingram filed a pro se civil rights complaint in the District Court against a host of defendants. The defendants later moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In July 2022, the District Court received Ingram's opposition to that motion and his notification that he wished to have his case assigned to a District Judge (as opposed to consenting to have the case decided by a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1)).

In November 2022, we received from Ingram a pro se mandamus petition asking us to direct the District Court to assign his civil rights case to a District Judge and have that judge rule on the motion to dismiss.[1] About a week later, the District Court's docket was updated to reflect that Ingram's civil rights case has indeed been assigned to a District Judge. The motion to dismiss remains pending.

## II.

We will dismiss Ingram's mandamus petition as moot to the extent that it asks us to direct the District Court to assign his case to a District Judge. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). And we will otherwise deny Ingram's mandamus petition, for he

---

[1] When Ingram submitted his mandamus petition, he did not pay the filing fee for this petition or move to proceed in forma pauperis ("IFP"). He eventually submitted a compliant IFP motion, which the Clerk of this Court granted on January 23, 2023.

2

has failed to show that he is entitled to mandamus relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that, to obtain a writ of mandamus, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances" (alteration in original) (internal quotation marks omitted)). Although a writ of mandamus may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), we cannot conclude at this juncture that those circumstances are present here, cf. id. (concluding that mandamus relief was not warranted in a habeas case where the petitioner's most recent filing had been pending before the district court for about eight months). We trust that the District Judge will rule on the pending motion to dismiss without undue delay.

To the extent that Ingram's mandamus petition seeks an order compelling the recusal of the Magistrate Judge who has entered certain non-dispositive orders in Ingram's case pursuant to her authority under 28 U.S.C. § 636(b), we see no need for such an order in this case. See 28 U.S.C. § 455 (setting forth standards of recusal). Lastly, to the extent that Ingram's petition discusses issues related to his appeal in another case, those issues are not properly before us here.

In view of the above, we will dismiss Ingram's mandamus petition in part and deny it in part.